**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                      No. 03-4304

BERNARD LEE DODSON, SR.,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-02-257)

Submitted: September 29, 2003

Decided: October 10, 2003

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

───────────────────────

Affirmed by unpublished per curiam opinion.

───────────────────────

**COUNSEL**

Frank W. Dunham, Jr., Federal Public Defender, Paul G. Gill, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Robert E. Trono, Assistant United States Attorney, Michael J. Elston, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

───────────────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Bernard Lee Dodson, Sr., appeals his convictions for conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846 (2000), and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) (2000). The district court sentenced Dodson to a total imprisonment term of 360 months and a total supervised release term of eight years. Finding no reversible error, we affirm.

Dodson contends that the district court erred in denying his motion for a judgment of acquittal. We review de novo a district court's decision to deny a motion for judgment of acquittal. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). Where, as here, the motion is based on sufficiency of the evidence, the relevant question is not whether the court is convinced of guilt beyond a reasonable doubt, but rather whether the evidence, when viewed in the light most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Stewart*, 256 F.3d 231, 250 (4th Cir.) (citing *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)), *cert. denied*, 534 U.S. 1049 (2001), and *cert. denied*, 535 U.S. 977 (2002). To prove a conspiracy under 21 U.S.C. § 846, the Government had to establish that: (1) an agreement to violate the federal drug laws existed between two or more persons; (2) Dodson knew of the conspiracy; and (3) Dodson knowingly and voluntarily became a part of the conspiracy. *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). The offense of possession with the intent to distribute drugs required that the Government prove beyond a reasonable doubt that Dodson: (1) knowingly, (2) possessed the drugs, (3) with the intent to distribute them. *Id.* at 873. An intent to distribute can be inferred if the amount of drugs found exceeds an amount associated with personal consump-

tion. *See United States v. Wright*, 991 F.2d 1182, 1187 (4th Cir. 1993).

To prove that Dodson was part of a drug conspiracy, the Government presented testimony from several co-conspirators establishing that Lanaco Roach purchased large amounts of heroin from a supplier. Roach then resold the heroin to several individuals, including Dodson, in amounts designed for further resale. With regard to Dodson's charge for possession with intent to distribute heroin, co-conspirator Roach testified that he supplied Dodson with seven grams of heroin on August 1, 2001. Dodson admits to meeting with Roach on that day. We find that this evidence was sufficient for a jury to conclude that Dodson conspired to distribute and possess with intent to distribute heroin and also that he possessed heroin with intent to distribute. *See United States v. Lamarr*, 75 F.3d 964, 973 (4th Cir. 1996).

Dodson further contends that the district court erred in admitting certain testimony offered by the Government to explain the lack of physical evidence because the testimony was irrelevant. Rule 402 of the Federal Rules of Evidence provides that "[e]vidence which is not relevant is not admissible." Relevant evidence refers to evidence that has any tendency to make the existence of any determinative fact more or less probable than it would be in the absence of that evidence. Fed. R. Evid. 401; *United States v. Van Metre*, 150 F.3d 339, 349 (4th Cir. 1998).

Because Dodson did not object to the testimony at trial, this claim is reviewed for plain error. Under the plain error standard, Dodson must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). Our review of the trial transcript reveals that the only testimony offered by the Government relating to the lack of physical evidence was the investigating agent's testimony that he did not search Dodson's home or any other location. We conclude that this testimony was relevant to the scope of the investigation into Dodson's criminal activities and was there-

fore distinguishable from the testimony excluded in *United States v. Hall*, 653 F.2d 1002 (5th Cir. 1981), which Dodson relies on in support of his argument.

Accordingly, we affirm Dodson's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*